[No. 1680.  Decided February 14, 1895.]

THE LA FRANCE FIRE ENGINE COMPANY, *Respondent*, v.
THE TOWN OF MT. VERNON, *Appellant.*

MUNICIPAL CORPORATIONS — PROMISSORY NOTES ISSUED BY TOWN — LIA-
BILITY ON ORIGINAL INDEBTEDNESS — ALLOWANCE OF CLAIM.

Although a municipal corporation may have no authority to exe-
cute a promissory note, it may be liable to an action by the payee
upon the original contract for which the note was given.

The issuance by a municipal corporation of a promissory note,
whether valid as a note or not, is a sufficient allowance of the claim
for which the note is given, when the entire claim had been before
the town council and part of it had been ordered paid and the note
has been executed for the balance.

*Appeal from Superior Court, Skagit County.*

*J. Henry Smith*, for appellant.

*Million & Houser*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—This is the second appeal in this cause.
See 9 Wash. 142 (37 Pac. 287), where it was reversed
upon an appeal by the plaintiff and was sent back for
a new trial.  Judgment was rendered for the plaintiff
and appealed from by the defendant.

The first point urged is that the defendant had no
authority to issue the note in question, and it is
claimed that the former judgment of this court does
not conclude the defendant from raising the point upon
this appeal.  But this question is immaterial, for the
complaint stated a cause of action upon the original
contract for the purchase of the engine, the action
being to recover the balance due, prior payments hav-
ing been made thereon; and we held that the complaint
was sufficient.

It is next urged that the claim had never been allowed by the council; but we regard this as untenable, since the entire claim had been previously before the council; part of it had been paid and the note in question issued for the balance; and the issuance of this note was a sufficient allowance of the claim, whether valid as a note or not, conceding that its formal presentment had not been waived.

Affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.