[No. 1949. Decided February 15, 1896.]

THE STATE OF WASHINGTON on the Relation of LEDGER PUBLISHING COMPANY, Appellant, v. FRANK H. GLOYD, County Auditor, et al., Respondents.

COUNTIES — ILLEGALITY OF WARRANTS — ADMISSIONS BY COUNTY COMMISSIONERS IN RECITALS IN RESOLUTION.

In an action by the holder of a county warrant to enforce payment from the county treasurer, the plaintiff may properly introduce in evidence a resolution of the county commissioners declaring certain warrants invalid and providing for their validation, which it was proposed to do under Laws 1895, p. 44, but whose validation had failed to carry, for the purpose of showing that such warrants, although prior in point of time to the one in suit, were not entitled to payment out of the funds in the county treasury.

Appeal from Superior Court, Pierce County.—Hon. EMMETT N. PARKER, Judge. Reversed.

Doolittle & Fogg, and E. M. Hayden, for appellant.
Coiner & Shackleford, for respondents.

The opinion of the court was delivered by

GORDON, J.—On December 8, 1894, the appellant recovered a judgment against Pierce county amounting to $3,904.02. Subsequently, it instituted this pro-

ceeding to compel the auditor of said county to issue warrants in payment and satisfaction of said judgment, and also to compel the treasurer to pay them. To the alternative writ which was issued the treasurer and auditor made answer and return, in which, among other things, it was alleged:

"That at the time the judgment mentioned  . · . . in favor of the Ledger Publishing Company was entered, and at the time the indebtedness was attempted to be incurred, upon which indebtedness said judgment was based, the county of Pierce was indebted in an amount greater than one and one-half per cent. of its taxable property as shown by its last assessment rolls, after deducting from such indebtedness moneys on hand in the treasury belonging to the general fund, and all unpaid taxes then levied, and not delinquent,"

and

"That three-fifths of the voters of Pierce county have never assented to the incurring of the indebtedness, upon which said judgment was rendered."

A demurrer to this answer and return was interposed by the appellant, which demurrer was sustained by the lower court, and thereupon the auditor issued said warrants. The treasurer (respondent here) having obtained leave of court, filed his amended answer and return, in which he denied that he had in his custody as treasurer sufficient moneys in the general fund of said county to pay the outstanding warrants drawn on said fund prior to the issuance of relator's warrants together with the warrants in question. His amended answer also contained an allegation that the indebtedness evidenced by relator's judgment had been incurred at a time when the county was beyond its constitutional limit of indebtedness, which latter allegation was precisely like the one contained in the original answer to which a demurrer had been sustained. Upon

the trial which followed, the appellant having rested
and a motion for non-suit having been argued, the
court granted said motion, and rendered judgment
dismissing the proceeding. From said order and
judgment relator prosecutes this appeal. Counsel for
the defendant in their able brief insist that the plea
as to relator's judgment being based upon a debt at-
tempted to be incurred by the county authorities at a
time when the county was beyond the debt limit fixed
by the constitution was and is a sufficient plea, but we
think that the contention of the appellant that a judg-
ment bars not only every defense that was as a matter
of fact raised, but every defense that might have been
raised must be upheld. That principle was declared
by this court in *Sayward v. Thayer*, 9 Wash. 22 (36
Pac. 966), and to the same effect may be cited *Snell v.
Campbell*, 24 Fed. 885; *Howard v. City of Huron*, 60 N.
W. 807; *United States v. New Orleans*, 98 U. S. 395.

But beyond this, an inspection of the record shows
that this question is not involved in the present case
inasmuch as no appeal was taken by the auditor or
treasurer from the decision of the lower court which
sustained a demurrer to this branch of the case, and
while it is true that the amended pleading contained
a like allegation, no further ruling was made upon it,
nor was any evidence offered under this allegation
upon the trial. Second: Upon the trial the appellant
endeavored to show that of the outstanding warrants
of said county drawn upon its general fund prior to
the issuance of appellant's warrants, there were in the
aggregate $115,000 which were drawn and issued after
the county had passed the limit of indebtedness pro-
vided by the constitution, and that the same were
drawn and issued for debts attempted to be incurred
after said county had passed said limit of indebted-

ness. It appears that the board of commissioners of said county, at a regular session thereof held on the the 8th day of May, 1895, unanimously passed and adopted a resolution submitting to the voters of said county for their rejection or adoption the proposition of validating certain indebtedness amounting in the aggregate to $170,538.76. Said resolution recited that the indebtedness was incurred or attempted to be incurred by the corporate authorities of said county between the 15th day of October, A. D., 1892, and the 1st day of January, A. D., 1895, and that "all of said indebtedness is invalid" because "at the time of the said attempted incurring thereof, the same, together with all other then existing indebtedness of said county exceeded one and one-half per centum of the taxable property in said county, . . ." Various other matters were recited in said resolution, which appears in every respect to have been drawn in conformity with the act of March 1, 1895 (Laws 1895, p. 44), entitled "An act to enable counties, cities and towns to validate certain warrants, and other obligations and evidences of indebtedness on the part of such counties, cities and towns, issued by the corporate authorities thereof in excess of their legal authority, and declaring an emergency to exist." Section 2 of said act provides that:

" Whenever the corporate authorities of any such county, city or town shall deem it advisable that the ratification authorized by this act shall be obtained, they shall provide therefor by ordinance or resolution, which shall specify separately the amount of each distinct class of such indebtedness so to be ratified . . ."

It further appears that at the election provided for in said resolution the proposition to validate failed to carry. The appellant offered said resolution in evi-

dence for the purpose of showing that the warrants
were not valid outstanding warrants, to which offer
respondent objected, and thereupon the court received
said resolution in evidence, remarking, "I think in
view of all the circumstances that it is evidence tend-
ing to show the financial condition of the county.    It
is somewhat in the nature of an admission."    It is
contended by the appellant that in making its final
decision sustaining respondent's motion for non-suit,
the court below decided that the resolution here re-
ferred to was incompetent evidence and that as a con-
sequence said non-suit was granted.    The respondent
insists that the statement in the resolution, that these
warrants were invalid, was a mere expression of opin-
ion and hearsay, and that the "existence of the war-
rants properly issued raised a *prima facie* presumption
of their validity which could be overcome only by
proofs of facts showing their invalidity."    An exam-
ination of the act of March 1, 1895, and the resolution
in question has satisfied us that said resolution was
competent evidence as against the respondent treas-
urer of said county.    In legal contemplation it was an
admission made by a party to the record and made by
officers of the county authorized by law thereto.    We
think that the recitals in said resolution were within
the scope and authority of the commissioners, and
hence binding upon said county.    But were we to
hold that the resolution in question was incompetent
as evidence we think that the action of the lower
court in having received the same as evidence upon
the trial coupled with the remark which we have
quoted, taken in connection with the further fact that
the motion for non-suit was taken under advisement
and subsequently granted, would entitle the appellant
to a reversal, inasmuch as the appellant had a right to

.rely upon the court considering the resolution as evidence, and in view of the court's remark, counsel might well have considered it unnecessary to have introduced other proof for the purpose of showing what he sought to establish by the resolution in question. If, on the other hand, the court had excluded it when offered in evidence, counsel might have met the issue by unobjectionable testimony. It does not appear from the record, however, that appellant had any opportunity to make other proof after the final announcement by the court of its view of the competency of the testimony in question. It will, of course, be understood that the rights of holders of outstanding warrants, other than relator, are in nowise affected by this decision. They are not parties hereto, and the conclusion at which we have arrived rests largely upon the principle of estoppel.

For these reasons the judgment and order appealed from will be reversed, and the cause remanded to the lower court with directions to proceed in accordance with this opinion.

DUNBAR and ANDERS, JJ., concur.