[No. 2546. Decided October 13, 1897.]

ETHEL LORENCE, a Minor, by Joseph Lorence, Guardian ad Litem, Respondent, v. J. W. BEAN, Mayor of Ellensburg, et al., Appellants.

MUNICIPAL CORPORATIONS — JUDGMENT AGAINST FOR PERSONAL INJURIES — HOW COLLECTED — MANDAMUS — WARRANTS — ORDER OF PAYMENT.

In the absence of a special provision in the charter of a city, relating to the payment of judgments, the method of payment is governed by Code Proc., § 674 (Bal. Code, § 5676), which provides that, "if a judgment be given for the recovery of money or damages" against a municipal corporation, no execution shall issue thereon, but upon presentation of a certified transcript thereof to the officer "who is authorized to draw orders on the treasury, . . . such officer shall draw an order on such treasurer for the amount of such judgment. . . . Thereafter such order shall be presented for payment and paid with like effect and in like manner as other orders."

The fact that a city has reached its limit of indebtedness is not a defense in an action for personal injuries occasioned by

negligence, and, therefore, the fact of such indebtedness would not justify the officer in refusing to issue a warrant for a judgment against the city in such action.

A warrant given for a judgment for damages against a city is entitled to payment in the order of its issue and would not be postponed in favor of claims for necessary municipal expenses.

Mandamus will not lie to compel a city to levy a special tax for the payment of a judgment against the city for a tort.

Appeal from Superior Court, Kittitas County.—Hon. CARROLL B. GRAVES, Judge. Reversed.

*C. R. Hovey,* for appellants.

*L. A. Vincent, Austin Mires* and *Edward Pruyn,* for respondent.

The opinion of the court was delivered by

GORDON, J.—The respondent recovered a judgment against the city of Ellensburg, for personal injuries occasioned by a defective sidewalk, which judgment was affirmed, on appeal, by this court in January, 1896 (13 Wash. 341, 43 Pac. 20). The present proceeding was instituted in the superior court to compel the city to levy a tax to pay that judgment.

One contention of the city, and the only one which it is necessary to notice, is that the respondent must, in satisfaction of the judgment, accept a warrant upon the general fund of the city. It is not claimed that the charter of the city contains any special provision relating to the payment of judgments, and we think the case falls within § 674 of the Code of Procedure (Vol. 2, Hill, Bal. Code, sec. 5676,), which provides that "if a judgment be given for the *recovery of money or damages*" against a county or other municipal corporation, no execution shall issue thereon, but the party in whose favor the judgment is given shall present a certified transcript thereof to the officer "who is au-

thorized to draw orders on the treasury thereof;" and further provides that "on the presentation of such transcript such officer shall draw an order on such treasurer for the amount of such judgment, in favor of the party for whom the same was given. Thereafter such order shall be presented for payment and paid with like effect and in like manner as other orders," etc. The language of the statute is general and must control in the absence of any special provision on the subject in the act under which the city is incorporated.

It was undoubtedly competent for the legislature to prescribe the manner in which judgments of all kinds against municipal corporations should be satisfied. The effect of the statute above referred to is to place the judgment creditor in the same position as any other creditor of the city, and gives him a warrant upon its general fund for the amount of the claim which he holds against the corporation. Thereafter his rights as a warrant holder are fully protected by the law, which requires warrants to be paid in the order of their issue. That the city has reached its "limit of indebtedness," if such be the fact, would not justify the officer in withholding the warrant, as the authorities concur in holding that to be no defense in an action for personal injuries occasioned by negligence.

Counsel for the respondent seem to labor under the impression that the payment of a warrant drawn pursuant to the section above referred to would be postponed in favor of claims for necessary expenses, which he assumes must be paid from current receipts. But this court reached a different conclusion upon that question in *Mason v. Purdy*, 11 Wash. 591 (40 Pac. 130), and *Eidemiller v. Tacoma*, 14 Wash. 376 (44 Pac. 877). The lower court sustained a demurrer to the city's return to the alternative writ and directed a special levy to be made. This, we think, consti-

tuted error, and as, in our opinion, the statute (§ 674, *supra*) points out the method of procedure, the respondent is not entitled to the relief sought herein, and the decree of the lower court will be reversed, and the cause remanded with direction to dismiss the proceeding.

SCOTT, C. J., and ANDERS and DUNBAR, JJ., concur.

REAVIS, J., not sitting.