[No. 2967.   Decided December 20, 1898.]

JAMES HADDOCK SMITH, *Respondent,* v. NORRIS ORMSBY
*et al., Appellants.*

MANDAMUS—PROCEDURE—RES JUDICATA—JUDGMENT AGAINST TOWN—
MANNER OF SATISFACTION.

In a proceeding by mandamus, under Laws 1895, p. 117, § 17
(Bal. Code, § 5756), it is unnecessary that a summons issue, as
in ordinary civil actions, but the writ of mandamus must be
issued upon affidavit, on application of the party beneficially
interested.

Upon application for a writ of mandate to compel a town to
issue its warrant in payment of a judgment, it is no defense to
set up that the contract upon which the judgment had been
obtained was void, because at the time of entering into the con-
tract the town was beyond its constitutional limit of indebted-
ness.

Under Bal. Code, § 5676 (2 Hill's Code, § 674), providing
that, in order to obtain payment of any judgment against a
public corporation, a certified transcript of the docket of the
judgment, including a memorandum of acknowledgment of sat-
isfaction, must be presented to the officer authorized to draw
orders on the treasury, who shall thereupon draw a warrant in
favor of the judgment creditor, a transcript of the execution
docket showing the judgment and its satisfaction is a sufficient
compliance with the statute, without giving a transcript of the
judgment in full.

Appeal from Superior Court, Skagit County.—Hon.
JESSE P. HOUSER, Judge.   Affirmed.

*J. Henry Smith,* for appellants.

*Chambers & Smith,* for respondent.

The opinion of the court was delivered by

GORDON, J.—This proceeding was initiated in the
superior court of Skagit county, and the object is to
compel appellants, as mayor and clerk, respectively, of the
town of Woolley, a municipal corporation of the fourth

class in said county, to issue a warrant of said town in payment of a judgment which one John A. Moore, respondent's assignor, had previously recovered against the town. Upon the return of an order to show cause, the appellants appeared and moved to quash the proceedings, which motion was denied, and thereafter their demurrer was overruled, and, upon issue joined by an answer subsequently filed, the court proceeded to hear and determine the cause upon its merits, rendering judgment in respondent's favor. The appeal is from that judgment.

The first assignment of error is that the court was without jurisdiction to issue the order to show cause, because at the time the order was issued no action had been commenced; and in support of this assignment, counsel for appellants cite and rely upon § 4869 of Ballinger's Code (Laws 1895, p. 170, § 1), which provides that, "Civil actions . . . shall be commenced by the service of a summons . . . or by filing a complaint. . . ." But we think that section does not apply, for the reason that this was a special proceeding instituted under authority of chapter 65 of the Session Laws of 1895, entitled: "An act regulating special proceedings of a civil nature." Section 17 of that chapter (Laws 1895, p. 117, Bal. Code, § 5756), relating to the issuance of the writ of mandate, provides that it "must be issued upon affidavit on the application of the party beneficially interested." That chapter does not contemplate that a complaint shall be filed in a proceeding of this character, nor that a summons shall issue as is required in ordinary civil actions. This objection therefore was properly overruled.

There are other formal assignments, relating to questions of procedure, not affecting the merits and which do not require extended consideration. We think the court proceeded within its jurisdiction in passing to a consideration of the merits of the cause.

⸰ The answer affirmatively set up that the contract, upon which the judgment was obtained, was void because at the time of entering into it, the town was beyond the constitutional limit of indebtedness. To this there was no reply, and that part of the answer pertaining to it must be considered as equivalent to a finding of the court. But it remains to be determined whether it can avail the appellants in the present proceeding. We think the question we are now considering was squarely determined in the case of *State ex rel. Ledger Publishing Co. v. Gloyd,* 14 Wash. 5 (44 Pac. 103). The application in that case was for a writ of mandate to compel the auditor of Pierce county to pay a judgment previously obtained by the relator therein. The answer contained an allegation that the indebtedness evidenced by the judgment had been incurred at a time when the county was beyond its constitutional limit of indebtedness. The lower court sustained a demurrer thereto, and we upheld the ruling upon the ground that "a judgment bars not only every defense that was as a matter of fact raised, but every defense that might have been raised." It follows, in consequence of that decision, that the attempted defense contained in the present answer is insufficient in law.

It was established at the trial that a transcript of the execution docket showing that the judgment had been satisfied as required by subd. 3 of § 674, 2 Hill's Code (Bal. Code, § 5676) had been presented to the mayor, and that a transcript of the judgment itself, which also showed a satisfaction, had been presented to the appellant clerk, and that a demand for the issuance of the warrant was duly made upon them prior to the commencement of the present proceeding. This was sufficient. 2 Hill's Code, § 674, subd. 3 (Bal. Code, § 5676); *Lorence v. Bean,* 18 Wash. 36 (50 Pac. 582).

We think the lower court reached a just conclusion, and its order and judgment is affirmed.

DUNBAR and ANDERS, JJ., concur.