[No. 6479.   Decided December 15, 1906.]

THE STATE OF WASHINGTON, *on the Relation of Francis H. Cook et al.*, Respondent, v. ROBERT FAIRLEY, *Comptroller of the City of Spokane, et al.*, Appellants.[1]

MANDAMUS—FOR SATISFACTION OF JUDGMENT—TENDER—PENDENCY OF OTHER PROCEEDING—ABATEMENT.  It is no defense to a proceeding in mandamus to compel a city to pay a judgment that, after the commencement of ţhe proceedings, the city deposited the balance due in court, accompanied by a petition that the same be refunded, as the relator was entitled to an unconditional payment, and the deposit and petition for refund could not bar a proceeding already pending.

JUDGMENT—MERGER AND BAR—DEFENSES THAT MIGHT HAVE BEEN LITIGATED—EVIDENCE TO SHOW ISSUES TRIED—EMINENT DOMAIN—SETOFF.  In condemnation proceedings for public purposes, a city's lien for general taxes and street assessments is matter for setoff against damages for the land taken, and the award for damages is conclusive on that question as one that might have been litigated; and the city cannot contradict the judgment by showing that it sought to introduce evidence of the lien, but desisted and acquiesced in the defendant's objection that the claim could be offset when the city came to pay the award.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered May 28, 1906, compelling the issuance of a warrant in payment of a judgment, upon sustaining a challenge to the sufficiency of an affirmative defense in mandamus proceedings.   Affirmed.

*J. M. Geraghty* and *Alex. M. Winston*, for appellants.

*Belt & Powell*, for respondent.

RUDKIN, J.—On the 17th day of January, 1906, judgment was entered in the superior court of Spokane county in favor of the relators herein, and against the city of Spokane, for the sum of $1,250, and $41.60 cost of suit, in a proceeding instituted by the city to condemn and appropriate

[1]Reported in 87 Pac. 1052.

for public purposes certain real property belonging to the relators. Nine hundred and seventy dollars and seventeen cents was paid on account of this judgment, and on the 8th day of February, 1906, the relators acknowledged satisfaction of the judgment, presented a certified transcript of the docket thereof to the officers of the city authorized to draw orders on the treasurer, as prescribed by Bal. Code, § 5676 (P. C. § 1358), and demanded a warrant for the balance due. The warrant was refused, and this proceeding was instituted to compel the issuance of such warrant.

The petition for the writ of mandamus sets forth substantially the foregoing facts. The return admits the allegations of the petition, and avers affirmatively, that at the time of the rendition of the judgment in the condemnation proceeding, the city of Spokane held liens against the property appropriated in the sum of $321.43, being the amount in controversy here, for general taxes due the city and for sidewalk and street grade assessments; that such taxes and assessments were offered in evidence at the trial of the condemnation proceeding; that the defendants in said action objected to the introduction of such taxes and assessments in evidence, on the ground that the proper time to claim such offset would be when the city came to pay the award; that the attorney for the city acquiesced in this view of the law, and did not insist upon his offer; and that, by reason of the foregoing facts, the city is entitled to an offset in the above amount against such judgment and costs. It was further averred that the city deposited the balance due on the judgment with the clerk of the superior court in the condemnation proceeding, on the 14th day of February, 1906, accompanied by a petition praying that the funds so deposited be returned to the city. The deposit was made several days after the issuance of the alternative writ. The court sustained an objection to the introduction of testimony under the answer or return, and awarded the peremptory writ as prayed. From this judgment the defendants appeal.

The payment of the balance due on the judgment into court in the condemnation proceeding, after the issuance of the alternative writ, accompanied by a petition to refund the money to the city, constituted no defense to this action. The respondents were entitled to have the money paid into court unconditionally, and the conditional payment was unavailing for any purpose. There is no merit in the contention that the respondents will have the money and the warrant, as they have never accepted the money, and the city is entitled to its return at any time. The contention that the pendency of the motion to have the money refunded to the city, in another department of the court, constituted a bar to the present action is equally without merit, as that proceeding was not pending at the time of the commencement of the present action.

Nor did the proceedings had in the condemnation proceeding, as detailed above, constitute a defense. Undoubtedly the evidence tendered was competent and admissible in that proceeding, as the defendants in that action were only entitled to recover the value of their land, less the amount of the valid liens and charges held by the city against it, but that question is not subject to review here. A judgment of a court of competent jurisdiction, delivered on the merits, is final and conclusive between the parties in a subsequent action, not only as to all matters actually litigated and determined in the former action, but also as to every ground of recovery; and a defendant in a mandamus proceeding to enforce the collection of a judgment is estopped to plead matters which might have been urged by way of defense in the tribunal in which the judgment was rendered. *Smith v. Ormsby*, 20 Wash. 396, 55 Pac. 570, 72 Am. St. 110; *United States v. New Orleans*, 98 U. S. 381, 25 L. Ed. 225.

It is often competent to prove that some matter or issue in a cause was not determined by reason of the decision turning upon some other point, or otherwise, but this cannot be

done where the proof tendered will contradict or defeat the operation of the judgment. In the case at bar, the jury found, in the condemnation proceeding, that the respondents were damaged in the sum of $1,250, and the court rendered judgment for that amount. Now in this collateral proceeding, the appellants are attempting to contradict that judgment by showing that the damages were in fact $321.43 less than the amount awarded by the court and jury. This they are not permitted to do. The return disclosed no defense to the application for the writ, and the judgment of the court below is therefore affirmed.

MOUNT, C. J., FULLERTON, HADLEY, ROOT, CROW, and DUNBAR, JJ., concur.