[No. 8212.    Department Two.    January 8, 1910.]

THE STATE OF WASHINGTON, *on the Relation of E. J. Dyer, Trustee, Respondent,* v. MIDDLE KITTITAS IRRIGATION DISTRICT *et al., Appellants.*[1]

MANDAMUS—TO ENFORCE PAYMENT OF CORPORATE JUDGMENT—NATURE OF REMEDY—ELECTION OF REMEDIES. . The recovery of a money judgment against an irrigation district is not an election of remedies or a splitting of causes of action, so as to bar a mandamus proceeding to compel the sale of bonds to pay a disputed claim, on the theory that mandamus could have been maintained in the first instance, where it was not alleged in the original action that the district had no property subject to execution or that the officers would refuse to satisfy the judgment; the presumption being that the officers would perform their duty to pay the judgment, and mandamus in such case being in the nature of a remedy in aid of execution rather than an original cause of action.

LIMITATION OF ACTIONS—JUDGMENTS—ACTIONS TO ENFORCE—TIME OF ACCRUAL—MANDAMUS TO PAY JUDGMENT. An action for a mandamus to compel an irrigation district to sell bonds to pay a judgment does not arise until the judgment is obtained and the refusal of the district to satisfy the same.

WATERS—IRRIGATION DISTRICTS—MANDAMUS TO PAY JUDGMENT—NECESSARY PARTIES—STATUTES. Under Laws 1895, p. 448, § 22 (Bal. Code, § 4201), authorizing the board of directors and secretary to receive and pay out the funds of an irrigation district, the district treasurer, as disbursing officer, is not a necessary party to proceedings in mandamus to compel the district to sell bonds to satisfy a judgment against the district.

COURTS—ENFORCEMENT OF ORDER—APPOINTMENT OF COMMISSIONER—CORPORATIONS—FAILURE OF AGENTS. Under Bal. Code, § 4717, the court has power to appoint a commissioner to act for an irrigation district, where the district was mandamused to sell bonds and it appeared that the president of the board of directors was insane and the board was without a quorum.

ABATEMENT AND REVIVAL—CORPORATIONS—DEATH OF OFFICER. The death of an officer of a corporation pending suit does not abate the action or affect the duty of the corporation to supply agents necessary to perform its corporate duties.

[1]Reported in 106 Pac. 203.

Appeal from a judgment of the superior court for Kittitas county, Preble, J., entered January 2, 1909, upon findings in favor of the plaintiff, granting a writ of mandamus, after a hearing on the merits. Affirmed.

*A. L. Slemmons* and *T. L. Stiles*, for appellants.

*Carroll B. Graves, C. S. Voorhees*, and *Reese H. Voorhees*, for relator.

MOUNT, J.—This is an action in mandamus, to compel the Middle Kittitas Irrigation District, by its board of directors and executive officers to issue and sell its bonds and to apply the proceeds thereof in satisfaction of a judgment for the sum of $71,610.47, together with interest and costs, obtained by the relator against the said irrigation district, on December 8, 1905. Upon the trial of the case, the lower court ordered the writ, as prayed for in the application. The irrigation district and its officers have appealed from that judgment.

The main facts in the case are, in substance, as follows: The Middle Kittitas Irrigation District is a corporation, organized under the provisions of the act of March 20, 1890, entitled, "An act providing for the organization and government of irrigation districts and the sale of bonds arising therefrom and declaring an emergency." Laws of 1890, p. 671 (Bal. Code, § 4166 *et seq*). After the organization of the district, the board of directors submitted to the voters of the district the question whether such district should issue bonds in the sum of $200,000 for the purpose of constructing an irrigating canal therein. At such election, held on October 16, 1891, a majority of the votes were cast in favor of such bond issue. Afterwards the bond issue was declared valid, and approved and confirmed. *Board of Directors Middle Kittitas Irr. Dist. v. Peterson*, 4 Wash. 147, 29 Pac. 995. Thereafter, in July, 1894, bonds were prepared to the amount of $200,000; $20,000 of these bonds were issued, but the same were void because they did

not conform to the requirements of the act of March 20, 1890.

Thereafter on July 23, 1894, the appellant corporation entered into a contract with one Peter Costello for the construction of its proposed canal. Mr. Costello proceeded with the work and thereafter assigned his claim for a balance due him under the contract to the relator, E. J. Dyer, as trustee. Mr. Dyer thereafter brought a suit against the corporation to recover the amount of the claim assigned to him. A demurrer was sustained to his complaint, but on appeal this court held the complaint sufficient. *Dyer v. Middle Kittitas Irr. Dist.*, 25 Wash. 80, 64 Pac. 1009. Thereafter the case was tried, and finally resulted in a judgment in favor of the relator for the amount due. *Dyer v. Middle Kittitas Irr. Dist.*, 40 Wash. 238, 82 Pac. 301. This final judgment was rendered by the lower court on December 8, 1905, for the sum of $71,610.47, with costs taxed at $621.85. The judgment bears interest at the rate of six per cent per annum from that date. The Middle Kittitas Irrigation District has no money or property with which to pay said judgment and costs, except the bonds above referred to. Demand was made upon the appellants for the preparation and sale of such bonds and the application of the proceeds thereof to the payment of the judgment mentioned. Appellants refused and have neglected to comply with such demand. In June, 1907, this action in mandamus was begun to compel the sale of the bonds as above stated.

It is argued by the appellants that the action is barred by the statute of limitations, and that the judgment in the main action is *res judicata* and conclusive of the rights of the respondent to maintain this action in mandamus. The position that the action is barred by a lapse of time is based upon the theory that mandamus might have been brought in the first instance, and all questions relating to the breach of the contract and the enforcement of payment could have been tried out in that case; and therefore, because this was

not done, the right of mandamus to enforce the payment of the judgment has expired.    Appellants rely upon *State ex rel. Barto v. Board of Drainage Com'rs.*, 46 Wash. 474, 90 Pac. 660; *State ex rel. Brown v. McQuade*, 36 Wash. 579, 79 Pac. 207; *State ex rel. Race v. Cranney*, 30 Wash. 594, 71 Pac. 50, and that class of cases where a judgment could not be enforced except by the writ.    In short, the writ was necessary as a means of enforcing the judgment where the judgment at law could not be enforced by execution in the ordinary course.    In that class of cases, while we held that the writ was properly sued out for the reasons stated, it was not held that such form of action was necessary in all cases, or that it would be proper where it did not appear to be necessary to an adequate remedy.    At the time the original action was begun, no allegation was made in the complaint that the district had no property which could be seized by execution, and no allegation that the officers thereof would refuse to satisfy the judgment.    The plaintiff was content to bring an ordinary action for debt for breach of contract, and rely, as he had a right to do, upon the presumption that any judgment which he might obtain would be satisfied in the usual way, and that the officers of the defendant corporation would perform their duty under the law.    The action was an ordinary action at law without the extraordinary writ of mandamus.    While the corporation denied liability under the original contract, it does not necessarily follow that it would refuse to satisfy a judgment obtained by the plaintiff in the action, and of course the remedy to enforce such judgment was not available to plaintiff under the decisions above referred to, until it appeared that the judgment could not be enforced in the ordinary course of law.    In other words, mandamus was a secondary right which arose after the judgment was obtained and after the refusal of the corporation and its officers to perform a duty enjoined by law, unless such refusal was alleged or shown in the original action.    In the case at bar, mandamus is in aid

of execution, and is therefore in the nature of a remedy rather than an original cause of action. *County Court of Ralls County v. United States*, 105 U. S. 733. While the plaintiff in the original action might have pursued the remedy by mandamus, in conjunction with his action to establish a liability upon the debt, provided he had alleged the necessary facts, and while this court has so held in the cases cited and relied upon by the appellants, this court has not held that the plaintiff must pursue such remedy in the first instance or loose it. In *State ex rel. Brown v. McQuade, supra,* we said:

"An action at law against the district will not furnish him relief. The most he could obtain by such an action would be a judgment against the district which would entitle him to a warrant drawn by the directors on the county treasurer. He could not obtain a judgment which could be collected by execution. If the judgment was not paid voluntarily—if the directors still refused to act of their own volition—he would yet have to resort to mandamus to secure his rights."

This shows that a judgment creditor loses none of his rights to the enforcement of his judgment by failing to ask in the original suit for its enforcement in a specific manner, and the practice has been followed to allow the writ of mandamus as a remedy for the enforcement of a judgment in this class of cases. *Smith v. Ormsby*, 20 Wash. 396, 55 Pac. 570, 72 Am. St. 110; *State ex rel. Ledger Publishing Co. v. Gloyd*, 14 Wash. 5, 44 Pac. 103; *State ex rel. Porter v. Headlee*, 18 Wash. 220, 51 Pac. 369; *Townsend Gas & Elec. Light Co. v. Hill*, 24 Wash. 469, 64 Pac. 778; *Chapin v. Port Angeles*, 31 Wash. 535, 72 Pac. 117; *State ex rel. Cook v. Fairley*, 45 Wash. 52, 87 Pac. 1052.

In *Achey v. Creech*, 21 Wash. 319, 58 Pac. 208, we said: "When a party has a choice of remedies by mandamus or suit for damages the adoption of one bars the right to invoke the other." But that was a case where mandamus was brought to compel the sheriff to deliver property to the plaintiff. Afterwards another action was brought to recover

damages for the unlawful detention of the same property. In that case it was held that the whole relief could and should, have been recovered in either form of action, and there was. therefore an election of remedies. The rule there stated was. the correct statement when applied to that case. But that case does not decide that mandamus may not be invoked to compel the satisfaction of a judgment, or that a party by bringing an action for debt waives his right to the writ of mandamus or the means necessary to enforce the judgment. simply because he does not invoke it in the beginning. In this case the original cause of action was the debt alleged to be owing to the plaintiff by the corporation. The corporation denied the debt. If the plaintiff in that case had been defeated upon a trial, undoubtedly he could not then have brought mandamus to try the same question again, because the right to mandamus to require the corporation to pay depends upon the obligation to pay. But where the plaintiff brings an action at law to determine disputed facts, and obtains a judgment for the amount claimed to be due him, he certainly cannot be said to have split up his causes of action, because he does not at the same time ask for mandamus to enforce any judgment which he might acquire; for it can neither be presumed that the corporation would have no property which could be seized by execution in the ordinary course, nor that the corporation would not satisfy the judgment without the aid of a writ for that purpose.

The presumption is that officers will perform their duties according to law, and persons dealing with them may rely upon that presumption. It has never been held, so far as we are aware, that persons bringing an action for debt or damages against corporations which pay their obligations only in warrants or by taxation, must bring such actions in mandamus or be barred from maintaining mandamus to compel the officers of such corporations to issue warrants or levy taxes to satisfy such judgments. The reason that such is. not the rule is found in the presumption that a judgment ob--

tained will be paid in ordinary course, and that the writ of mandamus is only issued as a writ of necessity. It may become a necessary means of enforcing the judgment, but it is not necessarily a part of the original cause of action in debt. In such cases the right to the remedy by mandamus does not arise until the judgment in debt is obtained and entered, and the refusal of the officers of the corporation to act. In this case the right to the remedy in mandamus did not arise until the judgment was obtained and the refusal of the appellant corporation to satisfy the same. For these reasons we think the statute of limitations did not begin to run against the judgment or the remedy to enforce it until December 8, 1905. This action was brought well within the time when the judgment could be enforced. There was no splitting of causes of action and the questions decided in the original action were not *res adjudicata* so as to prevent the writ of mandamus to enforce payment of the judgment.

It is claimed that the writ cannot be enforced because the district treasurer is made the disbursing officer of the corporation and he is not made a party to this action. There is no merit in this contention, because the board of directors and the secretary are authorized to receive the funds of the corporation and may discharge this obligation by a direct application of the funds thereto. Laws 1895, p. 448, § 22 (Bal. Code, § 4201).

At the trial of the case it appeared that J. S. Dysart, president of the board of directors of the district, was insane. It also appeared that the inability of Mr. Dysart left the board of directors of the corporation without a quorum, and there was no board of directors in existence to act for the corporation. A commissioner was thereupon appointed by the trial court to act for the corporation. We think the court had authority, under the provisions of Bal. Code, § 4717, to appoint such commissioner, and to authorize him either to act with or for the board of directors so as to effectively carry out the mandate of the court.

At the oral argument on this appeal, it was suggested that Mr. Dysart had died pending the appeal. Mr. Dysart was made a party simply because he was an officer of the corporation. He was a mere agent. The real defendant is the corporation, which still lives and which must act through agents. The disability or death of an agent does not abate the action as to the real defendant. If the corporation itself does not supply the agents necessary to perform its corporate duties, the court under the statute above mentioned has ample authority to do so. The court has acted in the matter, and the death of Mr. Dysart does not affect the judgment.

We find no error in the record, and the judgment must therefore be affirmed.

RUDKIN, C. J., CROW, DUNBAR, and PARKER, JJ., concur.