[No. 18836.  Department One.  March 6, 1925.]

THE STATE OF WASHINGTON, *on the Relation of Feenaughty Machinery Company, Appellant*, v. R. L. MAYLOR *et al., Respondents*.[1]

COUNTIES (90)—CLAIMS — ALLOWANCE — RIGHT TO PAYMENT — WAIVER. Where a claim against a county was allowed, the subsequent issue of a trade acceptance therefor is not a defense to an action on the claim, where the acceptance was presented at the trial.

SAME (90)—CLAIMS—ALLOWANCE—AUTHORITY OF OFFICERS—STATUTES. The budget law, Rem. 1923 Sup., §§ 3997-1 to 3997-10, does not operate to bar the issuance and payment of warrants upon a claim duly allowed prior to the taking effect of the law.

Appeal from a judgment of the superior court for Island county, Alston, J., entered July 15, 1924, upon findings in favor of the defendants, dismissing an action to enforce a claim against a county, tried to the court. Reversed.

*Hartman & Hartman,* for appellant.
*Floyd Hatfield,* for respondents.

MAIN, J.—The relator brought this action in mandamus to compel the auditor of Island county to issue,

[1]Reported in 233 Pac. 647.

and the treasurer to pay, a warrant based upon a claim which had previously been allowed by the board of county commissioners of that county. The trial resulted in a judgment dismissing the action, and the relator appeals.

Sometime during the month of January, 1923, the relator sold to Island county, through its board of county commissioners, certain road machinery for the agreed price of $1,582.75. The machinery was thereafter delivered, accepted by the county, used and found to be entirely satisfactory. On March 26, 1923, the relator presented a claim to the commissioners which, on April 3 following, was allowed by this resolution:

"That the board of county commissioners of Island county hereby approve this bill for partial payment in the sum of $850.00, the balance of $732.75, plus interest, to be paid on February 1st, 1924.

"O. N. Dock, Chairman.
"J. A. Neil,
"F. W. Hamlin."

After the allowance of the claim in this manner, it was explained to the relator that there were not sufficient funds in the general road and bridge fund of the county at that time to pay the claim in full, which was not the fact. For the purpose of carrying the balance, the relator caused a trade acceptance to be issued and this was thereafter accepted by the county. At the regular meeting of the board in April, 1924, the claim was again allowed by the board of county commissioners. At the time of the original allowance of the claim, at the time of the second allowance, and at the time of the trial, the evidence shows there were sufficient funds in the general road and bridge fund of the county, after allowing for the twenty per cent reserve, to pay the entire claim. As above stated, the present action was brought for the purpose of enforcing the collection of the balance admitted to be due.

The respondents' first objection to the claim is that the relator waived its right to exact payment by reason of carrying the balance in the form of a trade acceptance.   Upon the trial, the trade acceptance was produced and presented for cancellation.   The petition states a cause of action upon the claim and not upon the trade acceptance.   The issuance of the trade acceptance would also constitute an allowance of the claim for the amount covered by it.   In *La France Fire Engine Co. v. Mt. Vernon*, 11 Wash. 203, 39 Pac. 367, we said:

"The first point urged is that the defendant had no authority to issue the note in question, and it is claimed that the former judgment of this court does not conclude the defendant from raising the point upon this appeal.   But this question is immaterial, for the complaint stated a cause of action upon the original contract for the purchase of the engine, the action being to recover the balance due, prior payments having been made thereon; and we held that the complaint was sufficient.

"It is next urged that the claim had never been allowed by the council; but we regard this as untenable, since the entire claim had been previously before the council; part of it had been paid and the note in question issued for the balance; and the issuance of this note was a sufficient allowance of the claim, whether valid as a note or not, conceding that its formal presentment had not been waived."

The relator is entitled to prevail unless the second point made by the respondents is a bar to its right. In this respect the contention is that the respondent, in April, 1924, when it allowed the claim for the balance due, had no right to do so under what is termed the budget law.   Rem. 1923 Sup., §§ 3997-1 to 3997-10. That law became effective in June, 1923.   It could not, therefore, affect the rights of the relator which it had acquired by the prior allowance of the claim.   As above

pointed out, the claim was first allowed in April, 1923. The trade acceptance was accepted on April 16, 1923. From this it appears, under *La France Fire Engine Co. v. Mt. Vernon, supra,* that there was an acceptance of the entire claim prior to the time that the budget law went into effect.

In *Mason v. Purdy,* 11 Wash. 591, 40 Pac. 130, it was held that funds arising from the annual tax levy in any given year cannot be restricted to the payment of such obligations only as may be incurred during the fiscal year following such levy. That case was followed and approved in *Eidemiller v. Tacoma,* 14 Wash. 376, 44 Pac. 877, and *Lorence v. Bean,* 18 Wash. 36, 50 Pac. 582.

So far as the evidence in this case shows, as stated above, there was at all times sufficient money in the general road and bridge fund of the respondent county to pay the claim, and it was its duty to do so.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment as herein indicated.

TOLMAN, C. J., PARKER, and BRIDGES, JJ., concur.