[No. 23266.  Department Two.  December 14, 1931.]

THE STATE OF WASHINGTON, *on the Relation of Frank C. Paine et al., Appellants,* v. F. J. GLOVER, *as Auditor of Spokane County, et al., Respondents.*[1]

¹Reported in 5 P. (2d) 1014.

568

*Tustin & Chandler,* for appellants.

*Chas. W. Greenough* and *A. O. Colburn,* for respondents.

BEALS, J.—Relators filed their petition for a writ of mandate directed to the auditor and the treasurer of Spokane county, requiring them, respectively, to issue and pay a county warrant in favor of relators in the sum of $3,378.36.

In their petition, relators allege, after naming defendants and their respective county offices, that February 7, 1929, relators recovered judgment against Spokane county in the amount above set forth in an action in which relators were plaintiffs and Spokane county, together with the state of Washington and its commissioner of public lands, were defendants; that, on appeal to this court, the judgment rendered by the superior court in relators' favor was affirmed; that the action above referred to was instituted by the plaintiffs for the purpose of requiring the state of Washington to pay assessments which had been levied against state land included in a drainage district and assessed for benefits therefor; plaintiffs' cause of action being based upon the fact that the then treasurer of Spokane county had issued to the plaintiffs a certificate of delinquency for certain assessments levied by the drainage district and unpaid, the certificate bearing the statutory guarantee of the county to the effect that if, because of any irregularity of the taxing officers, the certificate was void, the county would repay to the holder the amount paid therefor, with interest; that, in the prior action, judgment was rendered in favor of the state of Washington and against

the county of Spokane for the amount paid the county for the certificate, with interest, and that thereafter the relators in this proceeding satisfied the judgment against the county and presented to the defendants in this proceeding a certified copy of the docket showing the entry of the judgment and the satisfaction thereof, and demanded the issuance of a warrant in favor of relators. Relators further allege that the defendant county auditor refused to issue the warrant, and that the defendant county treasurer stated that, if such a warrant were issued, he would refuse to pay it.

An order for an alternative writ of mandate having been entered and an alternative writ issued, defendants made their return thereto and their answer to relators' petition, admitting certain of relators' allegations, denying others, and pleading affirmatively that the money paid by relators for the certificate of delinquency referred to in relators' petition was by the treasurer of Spokane county deposited in the interest and bond redemption fund of the drainage district in connection with which the certificate of delinquency was issued; that the bonds issued by the district were on deposit with the county treasurer for collection, and "were in the name of and held by" the relators in this action; and that the county treasurer paid to the relators the money paid by them to the county in purchasing the certificate of delinquency; and that relators received back on account of their bonds all of the money which they had paid to the county treasurer for the certificate of delinquency.

Paragraph two of the affirmative defense contained in the answer reads as follows:

"Defendants further allege that the consent judgment taken in said Thurston county case was agreed to by counsel for Spokane county without consultation with the county treasurer or county auditor above

named, and without any knowledge of the facts as alleged in paragraph I of this affirmative answer; and that plaintiffs herein did not inform defendants' counsel in that case of all the facts as herein alleged or any special circumstances that estopped plaintiffs herein from taking advantage of the statutory warranty in said certificate of delinquency; and that neither said treasurer nor said auditor consented to or knew anything about said consent judgment.''

Relators demurred to the answer and return of the defendants, upon the ground that the same failed to state facts sufficient to constitute any defense to the action. After issues of law were joined, as hereinabove stated, the parties entered into the following stipulation, which was filed in the cause and is now before us:

''It is hereby stipulated between counsel for plaintiffs and counsel for defendants in the above entitled action that for all purposes in the superior court and for all purposes on appeal, the superior court and the supreme court of the state of Washington may consider the following facts in relation to defendants' answer and return as fully and to the same extent as if set forth therein.

''(1) That the prayer of the complaint, which was omitted from the copy of the complaint set forth in paragraph IV of said answer and return, was as follows:

'' '(1) That it be decreed by this court that said assessments evidenced by the plaintiffs' certificate of delinquency constitute a valid and first lien upon the above described land and each and every part thereof, and that said lien be enforced;

'' '(2) That in case enforcement of said lien can not otherwise be had, then that a writ of mandate issue from this court to the defendant Clark V. Savidge, as commissioner of public lands of the state of Washington, requiring him to certify the amount of said assessments, with interest, to the state auditor of the state of Washington for certification to the legislature of

the state of Washington, for payment as provided by law.

" '(3) That in the event this court should decide that said assessments evidenced by said certificate of delinquency do not constitute a valid and enforceable lien against said land, then and in that event, that plaintiffs have judgment against the defendant the county of Spokane, state of Washington, for the repayment to the plaintiffs on account of the purchase of said certificate of delinquency in the sum of Three Thousand Two Dollars and Fifty-five Cents ($3,002.55) with interest, and that in the event that any part of said certificate of delinquency be determined not to constitute a valid and enforceable lien against said land, then that plaintiffs have judgment against said county for the amount included in said certificate so declared to be invalid.

" '(4) For plaintiffs' costs and disbursements in this action and for such other and further relief as to the court may seem equitable in the premises.'

"(2) That the allegation of payment to the plaintiffs as set forth in paragraph I of the affirmative defense in said answer and return means that such payment is alleged to have been made to plaintiffs on or shortly after the receipt of the money by the county treasurer for the certificate of delinquency, and prior to the commencement of the case of Frank C. Paine and Conner Malott vs. The State of Washington and the County of Spokane, in the superior court for Thurston county.

"(3) That by use of the term 'consent judgment' in paragraph II of defendants' affirmative defense, it is meant that counsel for Spokane county in the suit of Frank C. Paine and Conner Malott vs. The State of Washington and the County of Spokane, in Thurston county, when the demurrer of the county was overruled, elected to stand on its demurrer and to that extent consented to the entry of the judgment against said county, and it is not meant thereby that the overruling of the county's demurrer was consented to by its counsel."

Relators' demurrer to defendants' affirmative defense, as set forth in their answer and return as amplified by the foregoing stipulation, was by the superior court overruled, and, relators having elected to stand upon their demurrer and having refused to plead further by way of a reply, judgment was entered dismissing the proceeding, from which judgment relators appeal.

Respondents argue that the judgment in the case of *Paine v. State,* 156 Wash. 31, 286 Pac. 89, is not *res judicata* of the issue raised by respondents' answer in this case; that the judgment therein rendered was by consent and, for that reason, falls within a recognized exception to the general doctrine of *res judicata,* and that an admission by a municipal officer that a certain fact exists, when it does not exist, does not estop the municipal corporation from later showing the true situation; and, finally, that appellants do not come into court with clean hands.

In support of their first proposition, respondents argue that the facts constituting the defense which they plead did not exist at the time of the entry of the judgment in the former action, and for that reason could not have been made part of the proceedings in that action and do not fall within the scope of the judgment therein rendered. Respondents contend that the defense set up in their answer was not available to them in the prior proceeding because the same did not come into existence until after it had been finally determined that the certificate of delinquency which the county had sold to relators was void, and that the county was liable to relators thereon; in other words, that the holders of the certificate were presumed to have received what they paid for, and that they had no claim against the county until a court of competent jurisdiction had declared the certificate to

be worthless, and that the county in the prior action was estopped to deny the validity of the certificate of delinquency which its treasurer had issued, or that the same was anything other or different from that which it on its face purported to be.

Relators, in their amended complaint in the prior action (as pleaded by respondents in this proceeding), alleged that the certificate of delinquency issued to relators bore the following provision:

"And the said county of Spokane hereby guarantees that if for any irregularity of the taxing officers this certificate be void, then said county will repay to the holder thereof . . ."

the face value of the certificate, with interest.

In the affirmative defense contained in their answer in this proceeding, respondents plead the issuance of the certificate of delinquency, the deposit of the money paid therefor in the bond redemption fund, and the payment of this money to the relators herein, who, as the owners thereof, had deposited the district's bonds with the county treasurer for collection.

From the stipulation entered into between the parties, as above set forth, it appears that, in their amended complaint in the prior action, these relators asked alternative relief to the effect that, if the court should determine that the assessments evidenced by the certificate of delinquency were invalid, relator should then have judgment against Spokane county for the repayment to relators of the amount which they had paid for the certificate. This was the relief which the court granted.

It is evident that, at the time of the pendency of the prior action, the money paid into the county treasury by relators in the purchase of the certificate of delinquency had been by the county paid over to relators as holders of the bonds issued by the drainage district,

and that the facts upon which respondents now rely as constituting a defense to this action had transpired prior to the trial of the former action. It is clear, then, that, unless for some reason the general rule of law to the effect that a judgment becomes *res judicata* as to all facts which were or should have been pleaded or proven as a defense to an action is inapplicable, respondents cannot now urge as a defense to this proceeding the fact that relators have actually received as bondholders the money which they themselves paid for the certificate of delinquency.

In support of their contention respondents cite the cases of *Harsin v. Oman,* 68 Wash. 281, 123 Pac. 1; *State ex rel. Weyant v. Seattle,* 127 Wash. 681, 221 Pac. 997; *Johnson v. National Bank of Commerce,* 152 Wash. 47, 277 Pac. 79; *Deaver v. Trahey,* 98 Wash. 63, 167 Pac. 68.

In the first of the cases cited by respondents in support of their contention that the cause of action pleaded by them as an affirmative defense in their answer did not exist at the time of the entry of the judgment in the prior case, this court held that a judgment rendered in an action brought upon a covenant of warranty against encumbrances contained in a deed, in which action nominal damages only were awarded, no payment of the local assessments whose alleged existence constituted the breach of warranty having been pleaded or proven, was not a bar to a subsequent action upon the covenant, instituted after payment of the assessments by the grantee in the deed who was the plaintiff in the action. In the course of the opinion this court said:

"While it is admitted, there can be but one recovery upon the same cause of action. This does not mean the subject-matter of a cause of action can be litigated but once. It may be litigated as often as an independ-

ent cause of action arises which, because of its subsequent creation, could not have been litigated in the former suit, as the right did not then exist.''

In the case at bar it appears that all the facts upon which respondents now rely existed prior to the entry of the judgment in the former action, and we cannot agree with respondents in their contention that these facts became effective in favor of respondents as a defense to appellants' claim only upon the entry of final judgment in the other action.

In the *Weyant* case, it was held that a prior judgment in a mandamus proceeding adjudicated only the rights of the relator under the then existing conditions, and that the same could not prejudge an entirely new situation which arose thereafter.

In the *Johnson* case, this court acknowledged the rule that, as between the same parties or their privies, a judgment is *res judicata* not only as to all matters litigated, but also as to every other matter which might have been litigated, and reaffirmed its adherence to that doctrine and certain of our prior decisions, expounding the same. In the case cited it was held that the doctrine of *res judicata* was not applicable, and that the right of subrogation, relied upon by plaintiff and upheld by the trial court, was a right which had accrued subsequent to the entry of the judgment pleaded as a bar. As the court held that the right sought to be enforced accrued after the entry of the judgment pleaded as *res judicata,* it necessarily followed that the matter was open to judicial inquiry, and that the doctrine of *res judicata* had no application.

In the *Deaver* case, relied upon by respondents in this connection, it was held that a defendant in an action brought to enforce specific performance of a contract to convey real estate, or in the alternative to

obtain judgment for payments made on account of the purchase price, is not bound to plead in his answer as a counterclaim an independent cause of action upon a promissory note executed in his favor by the plaintiff and not referred to in the action for specific performance, the note being nowise connected with the contract concerning the real estate. Such a set-off or counterclaim may or may not be pleaded, at the election of the defendant, and the decision. is clearly supported by ample authority.

In the case at bar, however, it is clear that respondents' defense was not, as the court said in the *Deaver* case, "wholly independent of all matters drawn in question" in the former action between these parties. On the contrary, the fact that the relators in this proceeding had, as owners of the bonds issued by the drainage district, received the money which they had paid to the county for the certificate of delinquency, was directly embraced within the subject-matter of the prior action. The superior court adjudged, and the ruling was affirmed by this court, that the plaintiffs in the action (relators here) were entitled to the return of the money which they had paid for the certificate of delinquency.

The county was bound to present in that action all the defenses to the plaintiffs' claim which then existed, and if the facts alleged in their affirmative defense here had then transpired, the county should have in some manner seasonably presented them to the court for consideration. Not having done so, the county and respondents as its officers are barred from urging such facts in this proceeding.

In the case of *Smith v. Ormsby*, 20 Wash. 396, 55 Pac. 570, 72 Am. St. 110, relied on by appellants, this court said:

"The answer affirmatively set up·that the contract, upon which the judgment was obtained, was void be-. cause at the time of entering into it, the town was beyond the constitutional limit of indebtedness. To this there was no reply, and that part of the answer pertaining to it must be considered as equivalent to a finding of the court. But it remains to be determined whether it can avail the appellants in the present proceeding. We think the question we are now considering was squarely determined in the case of *State ex. rel. Ledger Publishing Co. v. Gloyd,* 14 Wash. 5 (44 Pac. 103). The application in that case was for a writ of mandate to compel the auditor of Pierce county to pay a judgment previously obtained by the relator therein. The answer contained an allegation that the indebtedness evidenced by the judgment had been incurred at a time when the county was beyond its constitutional limit of indebtedness. The lower court sustained a demurrer thereto, and we upheld the ruling upon the ground that 'a judgment bars not only every defense that was as a matter of fact raised, but every defense that might have been raised.' It follows, in consequence of that decision, that the attempted defense contained in the present answer is insufficient in law."

The case cited was relied upon by this court in the later case of *State ex rel. Cook v. Fairley,* 45 Wash. 52, 87 Pac. 1052, in which, referring to a situation very similar to that here presented, this court said:

"Nor did the proceedings had in the condemnation proceeding, as detailed above, constitute a defense. Undoubtedly the evidence tendered was competent and admissible in that proceeding, as the defendants in that action were only entitled to recover the value of their land, less the amount of the ·valid liens and charges held by the city against it, but that question is not subject to review here. A judgment of a court of competent jurisdiction, delivered on the merits, is final and conclusive between the parties in a subsequent action, not only as to all matters actually litigated and determined in the former action, but also as to every

ground of recovery; and a defendant in a mandamus proceeding to enforce the collection of a judgment is estopped to plead matters which might have been urged by way of defense in the tribunal in which the judgment was rendered. *Smith v. Ormsby,* 20 Wash. 396, 55 Pac. 570, 72 Am. St. 110; *United States v. New Orleans,* 98 U. S. 381, 25 L. Ed. 225.''

The supreme court of the United States, in the case of *Harshman v. Knox County,* 122 U. S. 306, upheld a plea of *res judicata,* the opinion being of great interest in connection with the question now before us.

We conclude that, under the authorities, it must be held that the judgment in the prior action, *Paine v. State,* 156 Wash. 31, 286 Pac. 89, is *res judicata* as to the facts pleaded by respondents in their answer in this action, unless for some reason the doctrine does not apply.

■ Respondents next contend that the county is not bound by the prior judgment because the same was entered by consent, and that an admission which is contrary to the facts, made by a municipal officer, does not estop the municipal corporation from later showing the true situation.

The prior judgment was not one rendered by consent. The fact that a party to litigation demurs to his opponent's pleading, and, when his demurrer is overruled, elects to stand thereon and refuses to plead further, nowise indicates that the judgment subsequently entered against him is one entered with his consent. A party has a right to present an issue of law which is properly raised by demurrer, and, if he chooses to rely upon this issue alone, he is not required to stultify himself by making an answer which may be untrue in fact, but may stand upon his demurrer and take an adverse judgment, from which he has a perfect right to appeal, and which is just as truly

adverse to him as a judgment rendered after the trial of a direct issue of fact.

■ Finally, respondents contend that, because counsel for Spokane county in the prior action was not aware that the plaintiffs in that action, the relators in this, were the owners of the bonds of the drainage district, and as such had received the money which they themselves had paid into the county treasury for the certificate of delinquency, respondents should now be permitted to plead as a defense to this action the facts set forth in their answer. Respondents cite the opinion of this court in the case of *State ex rel. Bradway v. De Mattos*, 88 Wash. 35, 152 Pac. 721, in which it was held that the admission of certain facts pleaded, and the entry of judgment by consent, amounted to constructive fraud, which justified a new inquiry as to certain facts set forth in the pleadings in the action. The case cited is also authority for the proposition that a judgment by consent may not be binding on *cestuis que trustent* unless authority to consent clearly appears.

As above stated, the judgment in the prior action between these parties was clearly not a judgment by consent. The facts now relied upon were all existing when the prior judgment was entered, and were within the knowledge of the county officers. The *De Mattos* case is not controlling here. Upon the record before us, it clearly appears that the prior judgment is *res judicata* as to the facts pleaded in respondents' answer, and no facts appear which take the case without the rule.

The judgment appealed from is reversed, with instructions to the trial court to sustain appellants' demurrer to respondents' affirmative defense, and proceed with the action.

TOLMAN, C. J., MAIN, HOLCOMB, and MILLARD, JJ., concur.