[No. 2614.   Decided October 27, 1897.]

NORTHWESTERN AND PACIFIC HYPOTHEEK BANK, *Respondent*, v. DOUGLASS GRIFFITTS, *Appellant*.

APPEAL — JUDGMENT ON SUPERSEDEAS BOND — DAMAGES.

Upon the dismissal of an appeal and affirmation of judgment, the supreme court will not give judgment against the appellant and his sureties upon a supersedeas bond for such an item as the rental of premises involved, when the extent of damages suffered by the respondent by reason of the supersedeas does not appear from the record.

Appeal from Superior Court, Spokane County.—Hon. W. E. RICHARDSON, Judge. Appeal dismissed.

*W. A. Lewis,* and *Thomas C. Griffitts,* for appellant.

*Blake & Post,* for respondent.

The opinion of the court was delivered by

GORDON, J.—Respondent has moved to dismiss the appeal in this cause and to affirm the judgment of the lower court, for the reason that the appeal has not been diligently prosecuted. The judgment was rendered March 16, 1897,

and on the same day notice of, and bond on, appeal were given. Thereafter the appellants caused a statement of facts to be settled; which became a part of the record on the 31st day of July, 1897. It appears that no brief has been served or filed by appellant, nor any further steps taken. The appellant has filed certain objections to the allowance of the motion, none of which are thought to be well founded, and there is nothing in the record supporting them. Respondent has brought up the statement of facts and asks judgment against the appellant and the sureties upon the supersedeas bond "for rental or damages to the premises referred to in the judgment, at the rate of forty-five dollars ($45.00) per month, from the date of the appeal."

Section 24 in the act of March 8, 1893 (Laws 1893, p. 131, Bal. Code, §6523), governing appeals, provides that upon affirmance the court shall render judgment "against both the appellant and his sureties in the appeal bond for the amount recoverable according to the condition of the bond, *in case such amount can be ascertained by the court without an issue and trial.*"

We are unable to say from the record what damage the respondent has sustained by reason of the supersedeas in this case, and think that question must be left for determination in an action upon the bond.

The motion to dismiss and affirm will be granted, and judgment entered against the sureties for the amount of the judgment appealed from, together with interest and costs.

SCOTT, C. J., and REAVIS, ANDERS and DUNBAR, JJ., concur.