[No. 4394.    Decided October 1, 1902.]

N. W. PRESCOTT, *Appellant,* v. PUGET SOUND BRIDGE AND DREDGING COMPANY, *Respondent.*

APPEAL — DISMISSAL — FAILURE TO FILE TRANSCRIPT — IMPOSITION OF TERMS.

Under Laws 1901, p. 29, § 2, which provides that the transcript on appeal shall be prepared, certified and filed in the office of the clerk, at or before the time when the appellant serves and files his opening brief, the failure of the appellant to have such transcript

filed before serving and filing his brief will, on motion of respondent, subject him to the imposition of terms in order to entitle him to the further prosecution of his appeal.

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge. Dismissal of appeal denied.

*Byers & Byers,* for appellant.

*Ballinger, Ronald & Battle* and *Thomas M. Vance,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Respondent moves to dismiss the appeal in this cause upon the ground that no transcript of the records and files of the cause material to a review of the matters embraced within the appeal was filed at or before the time when appellant served his opening brief upon respondent's attorneys, and for the further reason that no such transcript was filed after the service of the brief, and before this motion was made. The motion directly calls for a determination of the force and effect that shall be given to a provision found in § 2, page 29, Laws 1901. That portion of the section directly involved here reads as follows:

"  .   .   .   said transcript to be so prepared, certified and filed, in the office of the clerk, at or before the time when the appellant shall serve and file his opening brief,  .   .   ."

We have not heretofore passed directly upon the question raised here. In *Raymond v. Bales,* 26 Wash. 493 (67 Pac. 269), a similar motion was interposed, but not until after the record had actually been supplied by the filing of the transcript. The motion was denied, and the decision was based upon that of *Gustin v. Jose,* 10 Wash. 217 (38 Pac. 1008), where it was held that a motion to dismiss an appeal for failure to send up the record to this court within the statutory time will not be granted when the motion

is not made until after the appellant has actually furnished the record.    Referring to the last named case, in *Raymond v. Bales, supra,* we said:

"This motion seems to be analogous to the one under consideration in the above case. . It was not made promptly after the service of appellant's brief while the default existed, followed by a short record brought here upon the motion, but was raised for the first time in respondent's brief, long after the record was supplied, and was submitted to this court at the time the cause was submitted on its merits. Whether, if the motion had been seasonably made as above indicated, we should have considered it one that should be granted, it is not necessary to decide; but for reasons aforesaid the motion is denied."

It will thus be seen that in that case the precise question presented here was left open.    We declined to declare the effect of the statute under such conditions as prevail here, for the reason that the question was not directly included in that case.    Here, however, the motion was made while the record was unsupplied, and was promptly brought here by a short record.

The notice of appeal was served July 21, 1902.    Under a further provision of the statute above cited, a transcript may be filed in the office of the clerk of the superior court at any time within ninety days from said July 21st, and may be sent to this court within four months from said date. The ninety day period has not yet expired.    To grant this motion unconditionally at this time would be, in effect, to say that, when an appellant serves and files his opening brief before the expiration of ninety days from the date of his appeal, he thereby shortens the statutory time within which a transcript may be filed.    We do not believe the statute should be so construed.    It will be observed, by reference to the statute, that the preparation, certification, and filing of the transcript are all made the duties of the

clerk of the superior court, and it is made mandatory that he shall discharge those duties within ninety days after an appeal shall have been taken; but he has fully ninety days within which to do it. The expense thereof shall be paid by the appellant, and he shall also inform the clerk what records and files he deems material to the review of the matters embraced in the appeal; but, further than that, the appellant has nothing more to do pertaining to the transcript. It is possible for an appellant to fully discharge his duty in the premises, and afterwards serve and file his opening brief before the clerk has prepared and filed· the transcript, which the clerk may yet do within the ninety days. Should such conditions be held perforce to oust the jurisdiction of this court, and effect a dismissal of an appeal? We think not. We believe the provision of the statute of 1901 invoked here.cannot be held to reach the jurisdiction of this court since such a holding would have the effect to abridge both the statutory period for filing the transcript in the office of the clerk of the superior court, and also that for filing it in the ·office of the clerk of this court. We think, in view of the whole statute, that the provision invoked must be held to be a directory one, and as declaring a mere statutory rule of procedure, the violation of which does not *per se* oust the jurisdiction of this court. The evident purpose of the statute was to provide that, when the respondent shall receive the appellant's brief, he shall at once be able to find the transcript on file, so that he may both know what it contains, and may also, in his answering brief, make proper reference to its pages for the convenience of this court. The rule is a wholesome one since the time within which the respondent's brief must be filed begins to run from the date of service of appellant's brief, and if the respondent finds no transcript on file he may be put to the inconvenience of delay

11-30 WASH.

in the preparation of his brief, or of having to prepare it without examination of the transcript, or without proper reference to it. The appellant is not required to serve and file his opening brief until just before the close of the ninety days within which the transcript may be filed. If there has been delay in the filing of the transcript, the two may be filed contemporaneously, and the respondent thus saved the inconvenience of having his brief filing period already running before he can see the transcript. While we do not hold that the language of the statute quoted establishes a jurisdictional requirement, yet for the violation of such a statutory rule some kind of terms must be imposed upon the appellant in order to give the statute wholesome effect; and we think the further prosecution of the appeal should be conditioned upon the performance of the terms imposed.

The motion is, therefore, denied, subject to the condition that within fifteen days from the time of receiving notice of this decision the appellant shall pay to respondent the sum of $20; otherwise, the motion will be granted.

Reavis, C. J., and Fullerton, Mount, Anders and White, JJ., concur.