[No. 4209.   Decided April 9, 1903.]

J. B. CHAPIN, *Respondent*, v. CITY OF PORT ANGELES *et al., Appellants.*

APPEAL — DISMISSAL — GROUNDS — FAILURE TO FILE TRANSCRIPT PRIOR TO SERVING BRIEF.

Failure to file transcript before service of appellant's brief, as required by Laws 1901, p. 29, § 2, is not ground for dismissal, nor for the imposition of terms, where the transcript was supplied the same day the motion to dismiss was served, and one week before it was filed in the supreme court.

SAME — DEPRIVING RESPONDENT OF OPPORTUNITY TO SEE TRANSCRIPT.

The action of appellant in causing the transcript on appeal to be forwarded to the supreme court on the same day his brief is filed is not ground for dismissal, inasmuch as timely application by respondent would secure a return of the transcript for use in preparation of his answering brief.

SAME — EXTENSION OF TIME FOR FILING BRIEFS — PRESUMPTIONS.

An order of the lower court extending the time for filing briefs will be presumed not to be an abuse of discretion when the order

recites that good cause was shown and there is nothing clearly showing the contrary.

MANDAMUS — ALTERNATIVE WRIT — INSUFFICIENCY OF ALLEGATIONS.

An alternative writ of mandate to compel a municipal corporation to issue a warrant upon a judgment against it is demurrable for want of facts, when it fails to allege that the judgment was satisfied by petitioner and a certified copy thereof presented to the city, as required by Bal. Code, § 5676.

SAME.

A petition for an alternative writ of mandate which refers to an affidavit filed in support of a prior writ that had been quashed is insufficient, where some of the necessary elements showing the right to the writ are omitted from the petition but are contained in such affidavit, and the affidavit is not served with the amended petition. (*State ex rel. King v. Trimbell*, 12 Wash. 440, distinguished.)

SAME — ISSUANCE OF WARRANTS AGAINST PARTICULAR FUND.

An alternative writ of mandate does not state facts sufficient when it recites that petitioner is entitled to a warrant upon the current expense fund of the defendant city in satisfaction of a judgment, but no allegations are contained in the writ showing under what kind of contract the obligation which was merged in the judgment arose, nor against what fund it was a charge when the contract was made (*Townsend Gas, etc., Co. v. Hill*, 24 Wash. 469, distinguished).

SAME — REFUSAL OF PUBLIC OFFICER TO DISCHARGE DUTY — REMEDY BY ATTACHMENT — ADEQUACY.

The remedy provided by attachment, under Bal. Code, § 5677, against an officer of a public corporation who shall fail or refuse to satisfy a judgment against it in compliance with the provisions therefor in Id., § 5676, would not exclude the remedy by mandamus, since the former would not be wholly adequate to compel the specific act affording the necessary relief to be done.

Appeal from Superior Court, Clallam County.—Hon. George C. Hatch, Judge. Reversed.

*James Stewart*, for appellants.

*A. A. Richardson*, for respondent.

The opinion of the court was delivered by

HADLEY, J.—Respondent moves to dismiss this appeal under § 2, p. 29 of the Session Laws of 1901, which requires a transcript to be prepared, certified, and filed in the office of the clerk of the superior court, at or before the time when appellant shall serve and file his opening brief. Appellants' opening brief and transcript were both filed on the 14th day of February, 1902. The motion to dismiss the appeal appears to have been served the same day, and seems to have been filed with the clerk of the superior court as well as in this court. The former filing was on February 17th, and the latter on the 21st of the same month. We have already held that the statute cited does not reach the jurisdiction of this court, but that it is directory only, and establishes a mere statutory rule of procedure, violation of which does not of itself oust the jurisdiction. *Prescott v. Puget Sound Bridge & D. Co.*, 30 Wash 158 (70 Pac. 252). In the above case we denied the motion to dismiss the appeal, but imposed terms for the violation of the rule; providing, however, that the appeal would be dismissed for failure to comply with the terms. In *Raymond v. Bales*, 26 Wash. 493 (67 Pac. 269), a similar motion, not made until after the record was actually supplied, was denied without the imposition of any terms. In the case at bar the record was supplied the same day the motion was served, and one week before it was filed here. With the record so promptly supplied, we can see no occasion for afterwards filing the motion here, and we do not think such circumstances call for the imposition of terms. Respondent further complains that appellants caused the transcript to be at once forwarded to this court, and that he was thereby deprived of the use of it while preparing his answering brief. But the forwarding of the record to this

court within statutory time cannot be ground for dismissal. If respondent, under the circumstances, had made timely application here for the return of the transcript for the purpose of preparing his brief, it would doubtless have been returned. It is further urged that the appellants' brief was not filed in time, for the reason that the court abused its discretion in extending the time to file briefs, no sufficient cause appearing. The order entered by the court, however, states that good cause was shown, and we will presume that such was the case, unless the contrary clearly appeared, which is not the case. The motion to dismiss is denied.

Respondent applied to the superior court for a writ of mandate directed to appellants, requiring the issuance of a warrant to him for the amount of a judgment theretofore recovered by him against the city of Port Angeles. As the basis of the application, an affidavit was served and filed on August 26, 1901. An alternative writ of mandate was issued, and was afterwards quashed or stricken from the files. On September 21, 1901, a new alternative writ was issued, and served upon the same day. No affidavit was served with the last-named writ, but reference was made therein to the affidavit previously served and filed on August 26th, as aforesaid, and the writ recited that said affidavit was made a part thereof. Appellants demurred to the last-named writ, which demurrer was overruled. They thereupon elected to stand upon their demurrer, and declined to plead further. The court afterwards entered findings of facts, conclusions of law, and judgment that a peremptory writ of mandate should issue against appellants, from which judgment they have appealed.

It is assigned as error that the court overruled appellants' demurrer to the alternative writ of mandate, on the ground that the writ does not state a cause of action. It

will be remembered from the foregoing statement that no affidavit was served with the new writ, but reference is made to the one served and filed near a month prior to that time when the first writ was issued. The service of the alternative writ was the process by which respondent was brought into court, and the necessary elements of that process are defined by statute. When, therefore, the first writ was quashed, the case stood as if no process had ever been served, and the respondent was not in court. He was brought into court by the service of the second writ. Is that writ sufficient under our statute? Section 5757, Bal. Code, provides that "the alternative writ must state generally the allegation against the party to whom it is directed, and command such party, immediately after the receipt of the writ, or at some other specified time, to do the act required to be performed, . . . ." Manifestly the allegations referred to in the statute must be such as show upon their face that the act commanded to be done is the discharge of a duty, and not in conflict with any legal requirements. In other words, the writ should state a cause of action and ground for relief against the respondent. It is urged that the writ in this case does not state facts sufficient to warrant the relief asked, since it does not allege that respondent's judgment against the city was ever satisfied, and a certified transcript of the docket thereof presented to appellants, as required by § 5676, Bal. Code. A failure to comply with the above statute, we think, would be fatal to the right to maintain this suit, and yet it is not alleged in the writ that it was done. Respondent argues that since the writ makes reference to a certain affidavit filed at some other time in the cause, and served as a part of the first writ that was annulled, we should go to that affidavit to find the allegations upon this subject. It appears

that the affidavit formerly served did contain an allegation upon the subject, but it was not served with the latter writ. The statute seems to contemplate that the writ itself shall contain the required allegations, but this court did intimate, without deciding, in *State ex rel. King v. Trimbell,* 12 Wash. 440 (41 Pac. 183), that it may not be necessary to recite the facts in the writ "if the affidavit upon which it is founded is referred to therein and served therewith." It will be observed that the suggestion made in the above case, that the writ may perhaps be sufficient if the affidavit contains the necessary allegations, is accompanied with the further requirement that the affidavit must be served with the writ. The suggestion in the opinion mentioned is a liberal view of the statute, and yet, in indicating that liberal view, the court was careful to hedge it with a remark from which it must be inferred that service of a writ without the required allegations is not good unless accompanied by service of an affidavit that does contain them. Certainly the liberal view suggested in the former case is as far as we would be justified in going, and that view can only be reconciled with the statute by the argument that such an affidavit, when referred to in the writ and served with it, becomes actually a part of it. No affidavit being served with the writ in this case, the writ itself contains the only allegations challenged by the demurrer. For reasons already stated, there being no allegation that the judgment was satisfied and that a certificate of such satisfaction had been presented to appellants, it follows that sufficient facts are not stated to entitle respondent to a warrant, and the demurrer should have been sustained.

It is further insisted that, even if the fact were alleged that the judgment was satisfied and a certificate thereof properly presented to appellants, still mandamus is not

a proper remedy, in view of the fact that another remedy is provided by § 5677, Bal. Code. That section is as follows:

"Should the proper officer of said corporation fail or refuse to satisfy said judgment, as in the preceding section provided, an attachment may be issued to compel his performance of said duty."

If the above statute provides a remedy, it is doubtful if it is an adequate one. In view of the provisions of § 5755, Bal. Code, we think mandamus will lie to compel the performance of such an official duty as is sought to be reached here. Assuming that the statute quoted above may furnish a remedy, the two are in that event concurrent, and either may be pursued. But the remedy by attachment is criminal in its nature, and "a remedy by criminal prosecution or an action on the case for neglect of duty will not supersede that by mandamus, since it cannot compel a specific act to be done, and is, therefore, not equally convenient, beneficial and effectual." 14 Am. & Eng. Enc. Law, p. 103. Mandamus has been approved by this court as a proper remedy in such cases as this, although the precise question presented here does not seem to have been raised. *State ex rel. Porter v. Headlee,* 18 Wash. 220 (51 Pac. 369); *Townsend Gas, etc., Co. v. Hill,* 24 Wash. 469 (64 Pac. 778). We think this objection of appellants is not well taken. It is recited in the alternative writ that respondent is entitled to a warrant upon the current expense fund of the city of Port Angeles, and the command is that such a one shall be issued. There is, however, no recital of facts which show him to be entitled to such warrant, unless it be the bare statement that he obtained his judgment October 29, 1897. He insists that under the rule in *Townsend Gas etc., Co. v. Hill, supra,* as the amount of his claim was not fixed and ascertained at the time the current expense fund

was instituted by Laws of 1897, p. 222, c. 84, he is there-
fore entitled to a warrant upon that fund. It appeared in
that case, however, that the obligation created by the con-
tract was against the former general fund, and that, since
that fund had been abolished by law, a claim of the charac-
ter involved should be paid from the current expense fund.
It may be that the facts in respondent's case are similar,
and such as would make his claim a charge against the cur-
rent expense fund. But the writ contains no allegation
showing under what kind of contract the obligation which
was merged in the judgment arose. The facts are not al-
leged which show against what fund it was a charge when
the contract was made. For this reason, also, we think the
writ does not state sufficient facts as the basis of the relief
sought.

We think the court erred in overruling appellants' de-
murrer. The judgment is therefore reversed, and the cause
remanded, with instructions to the lower court to sustain
the demurrer.

FULLERTON, C. J., and MOUNT, ANDERS and DUNBAR,
JJ., concur.