[No. 5424.    Decided November 29, 1904.]

ALICE A. ELLIS, *Respondent,* v. L. D. BARDIN *et al.,* *Appellants.*[1]

APPEAL—DISMISSAL—FAILURE TO FILE TRANSCRIPT. Where the appellant fails to file any transcript, or order the same prepared, for more than ninety days, and, after motion to dismiss the appeal, prepared and filed a transcript without giving any excuse for the delay, the appeal will be dismissed for failure to diligently prosecute it (Fullerton, C. J., and Anders, J., dissenting).

Appeal from a judgment of the superior court for Chelan county, Neal, J., entered June 6, 1904, upon motion of the plaintiff for judgment upon the pleadings, in an action on contract. Appeal dismissed.

*S. D. Griffith,* for appellants.

*Frank Reeves,* for respondent.

[1]Reported in 78 Pac. 677.

MOUNT, J.—Respondent moves to dismiss this appeal for the reason that no transcript was filed in the lower court within ninety days after the appeal was taken. Judgment was entered on June 6, 1904. The appeal was taken on July 27, 1904. On October 29, 1904, which was ninety-four days after the appeal had been taken, respondent served upon appellant his motion to dismiss the appeal. At that time no transcript had been filed, the clerk of the lower court had not been requested to make one, and no extension of the time had been made by stipulation or otherwise. Subsequent to the filing of the motion to dismiss, and on November 10, 1904, the transcript was filed in the lower court, and subsequently, on the 16th of November, sent to this court. No excuse is shown or offered for this delay in filing the transcript below. In *Prescott v. Puget Sound Bridge & Dredging Co.*, 30 Wash. 158, 70 Pac. 252, we held that the statute relating to the filing of the transcript was directory, and did not oust the court of jurisdiction. In that case the transcript was not filed at the time the appellant served and filed his opening brief, and the ninety-day period had not expired when the motion was made. We therefore refused to dismiss the appeal, but imposed terms upon the appellant instead. See, also, *Johnson v. San Juan Fish etc. Co.*, 30 Wash. 162, 70 Pac. 254; *Chapin v. Port Angeles*, 31 Wash. 535, 72 Pac. 117. In each of these cases the transcript was filed below at or before the time when the motion to dismiss was made. While the statute is directory, yet we think that an appellant prosecuting an appeal in good faith should comply with its terms, or offer some reasonable excuse why he has not done so. None whatever is offered here. The negligence is not of the clerk, nor of the respondent, but solely of the appel-

lants.   The appeal has not been diligently prosecuted. It therefore will be dismissed.

DUNBAR and HADLEY, JJ., concur.

ANDERS, J., dissents.

FULLERTON, C. J.—I dissent. The case is before us, and I think the appellant should be permitted to prosecute it upon terms.