[No. 5620. Decided September 12, 1905.]

ALICE A. ELLIS, *Respondent,* v. C. W. MOON, *Defendant,* and L. D. BARDIN *et al., Appellants.*[1]

APPEAL — DISMISSAL — MOTION DENIED — NO RECONSIDERATION AT HEARING ON MERITS. After passing upon a motion to dismiss an appeal, the supreme court will not again consider the motion at the trial on the merits.

JUDGMENT—VACATION—ERRONEOUS JUDGMENT ON THE PLEADINGS— REMEDY BY APPEAL. Where, after filing an amended pleading, judgment on the pleadings is granted upon motion of the adverse party, the remedy is by appeal and not by motion to vacate the judgment for irregularity.

APPEAL—DISMISSAL FOR FAILURE TO PROSECUTE—BAR. After the dismissal of an appeal from an erroneous judgment, for failure to prosecute it, the error cannot be reviewed by an appeal from an order refusing to vacate the judgment.

Appeal from an order of the superior court for Chelan county, Brown, J., entered December 17, 1904, denying defendants' motion to vacate a judgment entered upon the pleadings on motion of the plaintiff. Affirmed.

*S. D. Griffith,* for appellants.

*Frank Reeves* and *Reeves & Reeves,* for respondent.

ROOT, J.—Respondent contracted with defendant Moon for the construction of a building in Wenatchee. To guarantee the faithful performance of said contract, a bond was executed by said Moon to respondent, upon which bond appellants were sureties. This action was brought by respondent to recover against Moon and appellants by reason of a breach of said contract and bond. Appellants interposed an answer to respondent's complaint, and thereafter they, or some of them, filed amendments to the answer, the same not constituting a separate pleading, but being intended evi-

[1]Reported in 82 Pac. 186.

dently as portions of the original answer, and being designed to be considered with said original answer as an amended answer to the complaint.

Respondent thereupon moved for a judgment upon the pleadings, as against these appellants, which motion was, by the trial court, granted. From this judgment, an appeal was taken by appellants to this court. Said appeal was subsequently dismissed for the reason that no transcript was brought up within the time required by law. *Ellis v. Bardin,* 36 Wash. 122, 78 Pac. 677. Shortly after said judgment was taken, appellants moved to have the same vacated for the reason that the same had been irregularly entered. This motion was not acted upon by the trial court until after the appeal had been dismissed as aforesaid. Said motion to vacate was then overruled by the trial court. From the order overruling said motion, this appeal is taken.

In her brief, respondent moves to dismiss this appeal, and makes a somewhat extended argument in support of her motion. A similar motion was made by her, and overruled by this court on the 13th of January, 1905. Having passed upon the motion at that time, the court cannot again consider it.

Appellants argue that a judgment taken against the sureties upon a bond, before any judgment is had against the principal, and while the same action is pending against the principal upon the bond, is an irregularity. They also claim, that in this case the trial court did not consider the amendment which they had filed to the original answer; that said amendment, together with the original answer, constituted a perfect defense to the complaint; that, if the form of said pleadings was incorrect, an objection should have been raised thereto by a motion to strike or by some other appropriate motion, instead of moving for a judgment upon the pleadings.

Respondent contends that the things complained of by appellants do not constitute an irregularity, as that term is used in the statute providing for a motion to vacate, but

that, if the action of the court was wrongful, the judgment of dismissal was an erroneous judgment rather than one irregularly entered, and that appellants' remedy was by appeal; and that, having taken an appeal and the same having been dismissed, they are not now in a position to have the error reviewed by an appeal from the order overruling its motion to vacate the judgment. We think this contention must be sustained.

If the trial court had rendered the judgment upon its own motion, or in any manner without having the pleadings called to its attention, it might have constituted an irregularity which could have been moved against, and, if such motion were denied, an appeal would lie therefrom. But in this case the pleadings were tested by the motion for a judgment. It must be presumed, in the absence of a showing to the contrary, that, when the motion for judgment was made, the court considered all the pleadings that were on file in the case, and it will also be presumed that the court considered the condition of the parties and of the litigation as revealed by all these pleadings. It may have been, and probably was, improper for the court to have made and entered the judgment upon the pleadings in favor of respondent against these appellants at the time it did. If so, this was an error that could have been corrected upon appeal. *Dickson v. Matheson,* 12 Wash. 196, 40 Pac. 725. Appellants, having taken their appeal, but having neglected to prosecute the same, cannot now be heard to complain of the error.

The judgment of the superior court is affirmed.

Mount, C. J., Crow, Rudkin, Hadley, Fullerton, and Dunbar, JJ., concur.