[No. 14893.  *En Banc.*  July 29, 1918.]

AUGUST WEIFFENBACH *et al., Appellants,* v. PUGET
SOUND BRIDGE & DREDGING COMPANY *et al.,*
*Respondents.*[1]

APPEAL — RECORD — ABSTRACTS — DISMISSAL.   Under Rem. Code, § 1730-6, insufficiency of the abstract of the evidence is not ground for dismissing an appeal, but only for motion to amend it.

Motions to dismiss an appeal from a judgment of the superior court for King county, Jurey, J., entered July 23, 1917.  Denied.

*E. H. Flick, Preston & Thorgrimson,* and *Fred C. Kapp,* for appellants.

*Roberts, Wilson & Skeel, A. H. Lundin,* and *S. M. Brackett,* for respondents.

*Wardall & Wardall, Ralph H. Higgins, W. E. Froude,* and *Flick & Paul,* for interveners.

[1] Reported in 174 Pac. 10.

Tolman, J.—The decree in this case was entered in the lower court on July 23, 1917; notice of appeal was given on October 18, 1917; the statement of facts was duly served and filed; and the parties by stipulation twice extended the time for the preparation, service, and filing of the abstract and brief. The time therefor as so extended finally expired on May 15, 1918.

Respondents now move to dismiss the appeal for failure to serve and file brief, abstract, and transcript of the record within the time limited by law as extended. This motion is resisted by the appellants, and a counter motion is made for an extension of time of sixty days from June 28, 1918, for such filing, which motion is supported by a showing made by affidavits.

The first question is, whether the filing of an abstract of the record, the transcript, and the brief, or either of them, within the statutory time, is jurisdictional.

Rem. Code, §§ 1729, 1730, and 1730-1, require that a transcript of the record, abstract, and the opening brief shall be filed in the office of the clerk of the superior court within ninety days after the appeal has been taken, and to be transmitted to the clerk of this court within four months.

Laws of 1915, p. 303, § 8, provides, in effect, that this court may, if a failure to so file is found to be excusable, allow the appellant a reasonable time in which to so file and complete the record in this court. Rem. Code, § 1730-8.

We have had occasion to pass upon similar questions in a number of cases, and have uniformly held that such filing is not jurisdictional. See *Wishkah Boom Co. v. Greenwood Timber Co.,* 100 Wash. 472, 171 Pac. 234; *Kranzusch v. Trustee Co.,* 93 Wash. 629, 161 Pac. 492; *In re West Waite Street,* 89 Wash. 688, 155 Pac. 165; *Dean v. Oregon R. & Nav. Co.,* 38

Wash. 565, 80 Pac. 842; *Chapin v. Port Angeles,* 31 Wash. 535, 72 Pac. 117.

It appearing, therefore, that the jurisdiction of this court has not been lost by the failure to file which is complained of, it only remains to inquire whether the showing in support of the excuse for the failure is sufficient to justify that failure, and to warrant an extension of further time by this court (Rem. Code, § 1730-6).

In view of the extraordinary size of the record, the special difficulties of abstracting shown in this case, the amount involved, the fact that respondents can lose nothing by the delay, and the evident good faith of the appellants and the handicaps which their counsel are shown to have labored under, we think the showing is sufficient. But the time must be strictly limited in order to enable the respondents to have this case heard at the next term of this court if desired. The appellants will therefore be given an extension of forty days only from and after the filing of this opinion, in which to have on file with the clerk of this court the transcript of the record, abstract, and opening brief.

MAIN, C. J., FULLERTON, PARKER, HOLCOMB, MOUNT, MITCHELL, and CHADWICK, JJ., concur.