[No. 15923.  Department One.  June 25, 1920.]

THE STATE OF WASHINGTON, *Respondent*, v. WALDEN J. TERRIEN *et al., Appellants.*[1]

APPEAL (288)—RECORD—STATEMENT OF FACTS—EXTENSION OF TIME—DISMISSAL. The filing of a statement of facts or bill of exceptions within the statutory period is jurisdictional, and thereafter the time cannot be extended; but this does not prevent the review of errors that arise upon the record aside from the statement or bill.

SAME (329, 338)—TRANSCRIPT AND BRIEFS—SERVICE AND FILING—EXCUSE FOR DELAY. The failure to file a transcript and briefs within time is not jurisdictional, and the time may thereafter be extended for good cause, in the discretion of the court.

Motion to dismiss an appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered January 29, 1920. Denied.

*Ralph S. Pierce*, for appellants.
*Arthur McGuire* and *C. R. Hadley*, for respondent.

MAIN, J.—This is a motion by the respondent to dismiss the appeal because, first, a transcript of the record has not been filed by the appellants within the time fixed by law, or at all. Second, that no statement of facts or bill of exceptions has been filed within the time fixed by law, or at all; and third, that no brief on appeal has been served or filed by the appellants.

[1]Reported in 190 Pac. 1017.

The appellants admit failure to comply with the statutory requirements as to the filing of a transcript, statement of facts and brief. They resist the motion to dismiss and ask that the time for perfecting their appeal in this court be extended until the first day of August, 1920. The facts which it is claimed excuse the delay are shown by affidavit.

We will first consider the effect of the failure to file a statement of facts or bill of exceptions within the ninety-day period fixed by statute. Under the holdings of this court the filing of the statement of facts or bill of exceptions within the statutory time is jurisdictional and, after this time has expired, the court cannot extend the time and permit a statement of facts or bill of exceptions to be filed. *American Fuel Co. v. Benton,* 98 Wash. 26, 167 Pac. 346; *Universal Motor Co. v. McGeorge,* 104 Wash. 344, 176 Pac. 331. It does not follow, however, that the appeal should be dismissed because no bill of exceptions or statement of facts has been filed within the time fixed by law, and because the court cannot now extend the time. The appellants still have the right to present any question which may arise upon the record, aside from the bill of exceptions or statement of facts.

The failure to file a bill of exceptions or statement of facts not requiring the dismissal of the appeal, the next question to be considered is whether the appeal should be dismissed because of failure to file the transcript and serve and file the briefs in accordance with the statutory requirements. The failure to file the transcript and serve and file the briefs within the time fixed by law is not jurisdictional and the court may, if good cause be shown, extend the time or permit the brief and transcript to be filed after the expiration of the statutory period. *Northwestern etc. Bank v. Griffitts,* 18 Wash. 69, 50 Pac. 591; *Prescott v. Puget*

*Sound Bridge & D. Co.,* 30 Wash. 158, 70 Pac. 252; *Ellis v. Bardin,* 36 Wash. 122, 78 Pac. 177; *Weiffenbach v. Puget Sound Bridge & D. Co.,* 103 Wash. 240, 174 Pac. 10. Whether this appeal should be dismissed for failure to file the transcript and serve and file the brief within time depends, therefore, upon whether sufficient excuse has been shown for the delay. Without reviewing in detail the facts which it is claimed show excusable neglect, it may be said that, in our opinion, a sufficient excuse has been shown, and the court in the exercise of its discretionary power will permit a transcript and brief to be filed. The case in the ordinary course would not have reached this court for assignment at the present May term. The delay has not, therefore, resulted in a postponement of the hearing here on appeal. The appellants' time for perfecting their appeal in this court will be extended to August 1, 1920.

The motion to dismiss the appeal is denied.

HOLCOMB, C. J., PARKER, MITCHELL, and FULLERTON, JJ., concur.