15 Ill.2d 517 (1959)
155 N.E.2d 563
THE DEPARTMENT OF PUBLIC WORKS AND BUILDING, Appellant,
v.
BURDETTE D. HUFF et al., Appellees.
No. 34940.
Supreme Court of Illinois.
Opinion filed January 23, 1959.
LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for appellant.
HERBERT M. SPECTOR, and SIDNEY S. DEUTSCH, both of Rock Island, for appellees.
Judgment affirmed.
*518 Mr. JUSTICE HOUSE delivered the opinion of the court:
This case involves the question of whether a remittitur may be entered in an eminent domain proceeding.
The Department of Public Works and Buildings filed a petition in the county court of Rock Island County to condemn several tracts of land and to extinguish access rights needed in the reconstruction of a Federal aid road. The jury returned verdicts wherein $400 was awarded to the defendant Bertha Spector for lands taken and $13,800 damages to land not taken and $400 was awarded to the defendant Daniel Bartz for land taken and $14,685 damages to land not taken. Awards to other defendants are not involved in this appeal. Judgments were entered on the verdicts, whereupon the Department filed motions to vacate and for a new trial, principally upon the ground that the verdicts were not within the range of the evidence. A written opinion was filed by the trial court finding that the Spector and Bartz verdicts were not within the range of the evidence and directing remittiturs of $1,030 and $4,025 respectively. It also provided that upon refusal to so remit a new trial would be granted. Consents to the remittiturs were filed by the appellees, orders following the terms of the opinion were entered, remittiturs were filed, and the court then entered final orders denying the post-trial motions. The Department appeals.
Appellees filed a motion to dismiss the appeal, which we have taken with the case. It is based on the contention that the notice of appeal is from the order denying the post-trial motions rather than the original judgment on the verdict, and that therefore no appeal was sought from the verdict for land taken, which would have the illegal effect of making the causes of action divisible. We think appellees' position is unnecessarily technical. The orders entered subsequent to the judgments on the verdicts went further than merely denying a new trial. They finally fixed the amounts to be paid for damages to lands not taken, *519 and if appellant's position on the remittitur question is well taken relief would be reversal and remandment for a new trial. That would be exactly the same relief had the notice of appeal been directed to the original judgment, as amended by the subsequent orders, or to each and every order in the cause. Accordingly, appellees' motion to dismiss the appeal is denied.
The sole question presented is whether a trial court has the authority to enter a remittitur in an eminent domain case, and is a case of first impression in Illinois.
Remittiturs in actions governed by the common law have long been recognized by our courts (Libby, McNeill & Libby v. Scherman, 146 Ill. 540,) and by the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, pars. 68.1(7) and 92(1)(c),) as counsel for the Department readily concedes. However, they seriously question the trial court's right to enter a remittitur in an eminent domain proceeding. Their argument is not based upon the constitution, since section 13 of article II exempts the State from the jury requirements in its taking of private property, but is based rather upon the fact that eminent domain is a statutory action.
Section I of the Eminent Domain Act (Ill. Rev. Stat. 1957, chap. 47, par. 1,) provides that either party may demand a jury, but if neither does make such a demand the compensation must necessarily be ascertained by the trial judge. It is only after application by one of the parties that the burden of ascertaining damages shifts to a jury. Section 9 of the act does not charge the jury to make an award, but provides that the jury examine the premises, hear the proof and "make their report in writing." Section 10(a) empowers the judge, upon receiving the report of the jury, to "adjudge and make such order as to right and justice shall pertain." Other section of the Eminent Domain Act place procedural aspects of condemnation proceedings in the hands of the trial judge. We find nothing *520 in the act prohibiting the court from exercising the prerogative of remittitur. On the contrary, the procedure prescribed by the legislature for this statutory action appears to grant to the courts powers somewhat similar to those in other proceedings. This is particularly evidenced by the provision of section I which gives the court the right to fix compensation in the first instance. Nevertheless, the legislative intent is not so positively evident in the Eminent Domain Act as to avoid the rule of strict construction.
We turn therefore to the Civil Practice Act, since the two acts must be construed together. Section I thereof (Ill. Rev. Stat. 1957, chap. 110, par. 1,) exempts certain proceedings, including eminent domain, from the application of the act, but further provides that in the exempted actions the Civil Practice Act applies to matters of procedure not regulated by separate statutes. The last line of the section adopts the practice at common law as to all matters of procedure not regulated by statute or rule.
We are of the opinion that since remittiturs are recognized at common law and the Eminent Domain Act does not attempt to regulate remittitur procedure, the provision of the Civil Practice Act adopting the common-law practice applies and the right to enter remittiturs by a trial judge prevails in eminent domain proceedings as in common-law actions. See Wintersteen v. National Cooperage and Woodenware Co. 361 Ill. 95, 109.
Cases from foreign jurisdictions cited by the Department are of little aid here because of the difference between their constitutions and statutes and those of Illinois. For example, in the case of Grand Rapids v. Coit, 149 Mich. 668, 113 N.W. 369, which dealt with an additur, it was held that the only remedy was a new trial. However, we note that in the case of In re Petition of City of Detroit for Additional Land, 244 Mich. 377, 221 N.W. 279, the Michigan court specifically based its holding that the court could not order a remittitur upon its constitution rather *521 than a statute. As heretofore stated, we are dealing with a statutory and not a constitutional problem, and we interpret the legislative intent to be that the right of remittitur is vested in the courts in eminent domain proceedings.
Other points raised in appellant's brief were waived by its counsel in oral argument and need not be considered.
The judgments of the county court of Rock Island County, giving effect to the remittiturs, are affirmed.
Judgments affirmed.